IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 24, 2019

**STATE OF TENNESSEE v. JAMES R. WILSON**

**Appeal from the Criminal Court for Davidson County**
**No. 97-D-2596      Steve R. Dozier, Judge**

_____

**No. M2019-00369-CCA-R3-CD**

_____

James R. Wilson, Defendant, pled guilty to two counts of sale of more than five grams of a Schedule II controlled substance in case number 97-D-2596. Defendant received concurrent sentences of ten years with release eligibility after service of thirty percent of the sentence; Defendant was to serve one year in confinement and the remainder on community corrections. Defendant filed a Rule 36.1 motion and alleged that his sentences were illegal because he did not receive a *Momon* colloquy or sentencing hearing. The trial court found that the sentences had expired and summarily dismissed the motion for failure to state a colorable claim. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and TIMOTHY L. EASTER, JJ., joined.

James R. Wilson, Only, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Assistant Attorney General; Glenn Funk, District Attorney General; and J. Wesley King, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I. Factual and Procedural Background**

In October 1997, the Davidson County Grand Jury indicted Defendant for sale of less than five grams of a Schedule II controlled substance, five counts of sale of more

than five grams of a Schedule II controlled substance, and conspiracy to sell more than five grams of a Schedule II controlled substance in case number 97-D-2596. On June 24, 1999, Defendant pled guilty to counts four and six, sale of more than five grams of a Schedule II controlled substance.[1] For both counts, Defendant received concurrent sentences of ten years in the Tennessee Department of Correction with release eligibility after service of thirty percent of the sentence. The trial court ordered Defendant to serve one year in confinement and to serve the remainder of his sentences on community corrections. The plea agreement and plea submission hearing transcript were not included in the record on appeal.

On January 7, 2019,[2] Defendant filed a pro se Rule 36.1 Motion to Correct Illegal Sentence. In his motion, Defendant asserted that his sentences were illegal because of the following:

> Defendant was indicted December 4th, 1997 in case no. 97-D-2596. On September 17, 1998, . . . [Defendant] and the [S]tate[] made a tentative agreement presented to him by, defense attorney, Mr. Glenn Funk, to plead guilty to ten (10) years. [Defendant] initially agreed to accept the plea and signed the written agreement. A few days afterwards, . . . [Defendant] became unsettled with the plea offer, due to the lack of understanding and decided to proceed to trial. Later, [Defendant] found out that he had been illegally sentenced to the ten year sentence without actually accepting the plea.

Defendant asserted that the trial court did not comply with Tennessee Rule of Criminal Procedure 11(d) during his guilty plea submission hearing.

On February 7, 2019, the trial court entered an order that summarily dismissed Defendant's Rule 36.1 motion. The trial court noted that the Tennessee Supreme Court has previously held that "Rule 36.1 does not authorize the correction of expired illegal sentences[,]" citing *State v. Brown*, 479 S.W.3d 200, 211 (Tenn. 2015). The trial court found that Defendant's sentences "appear[ed] to have expired approximately one decade ago." Therefore, the trial court concluded that Defendant's motion failed to state a colorable claim.

Defendant now timely appeals the dismissal of his Rule 36.1 motion.

---

[1] The record is unclear regarding how the remaining counts of the indictment were resolved.

[2] The motion is stamped filed by the Davidson County Criminal Court Clerk. The date of the stamp is illegible. Defendant certified the motion on January 7, 2019.

## II. Analysis

On appeal, Defendant essentially argues that the sentences that he received in case number 97-D-2596 are illegal because the trial court did not conduct a *Momon* colloquy at the guilty plea submission hearing, as required by Tennessee Rule of Criminal Procedure 11. He also asserts that he did not receive a sentencing hearing. Additionally, he cites to *Garlotte v. Fordice*, 515 U.S. 39, 47 (1995), where the United States Supreme Court held that, pertaining to federal habeas petitions, a state prisoner serving consecutive sentences is in "custody" until all the sentences have been served and claims that his sentences have not expired because he "has never been released from custody and is serving a consecutive life sentence."

The State responds that Defendant incorrectly relies on *Garlotte* for the proposition that his ten-year sentence has not expired. The State notes that the Tennessee Supreme Court previously "acknowledged the *Garlotte* opinion but declined to adopt it." *See May v. Carlton*, 245 S.W.3d 340, 343 (Tenn. 2008). Thus, the State contends that the trial court properly dismissed Defendant's motion without a hearing because the motion failed to state a colorable claim. Additionally, the State asserts that the motion "does not allege a fatal error for which a Rule 36.1 motion can form the basis for relief."

Rule 36.1 provides in part that "[e]ither the defendant or the state may seek to correct an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered." Tenn. R. Crim. P. 36.1(a)(1). The rule defines "illegal sentence" as "one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." *Id* at (a)(2). Under this rule, a defendant must state a colorable claim for relief before he is entitled to a hearing and appointment of counsel. Tenn. R. Crim. P. 36.1(b). The term "colorable claim" is not defined in Rule 36.1. In *State v. Wooden*, the Tennessee Supreme Court adopted the following definition of "colorable claim": "a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." 478 S.W.3d 585, 593 (Tenn. 2015). Whether a Rule 36.1 motion states a colorable claim is a question of law, which this court will review de novo. *Id.* at 589. Additionally, the Tennessee Supreme Court held in *State v. Brown* that a claim regarding an expired sentence is not cognizable under Rule 36.1. 479 S.W.3d 200, 211 (Tenn. 2015).

Based on the face of Defendant's judgments, Defendant's sentences in case number 97-D-2596 expired approximately ten years ago. There is no evidence in the record regarding the life sentence that Defendant is allegedly serving consecutively to the expired sentences in the current case. In any event, we decline to adopt the rule set out in *Garlotte*, a case involving a federal habeas corpus petition, to Rule 36.1. The trial court

properly dismissed Defendant's motion because the petition failed to state a claim and Defendant's sentence in case number 97-D-2596 has expired. Defendant is not entitled to relief.

### III. Conclusion

For the aforementioned reasons, the judgment of the trial court is affirmed.

_____
ROBERT L. HOLLOWAY, JR., JUDGE